IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01377-BNB

JEREMY PINSON,

    Plaintiff,

v.

ROBERT PACHECO,
SARA REVELL,
MERRY WILNER,
DELBERT SAVERS,
HARLEY LAPPIN, and
MICHAEL NALLEY,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 3 0 2010

GREGORY C. LANGHAM
CLERK

## ORDER

Plaintiff Jeremy Pinson, a federal prisoner currently housed in the State of Alabama, filed a *pro se* Motion to Vacate Order and to Compel Production of Statement on June 21, 2010 that appears to be an Objection filed pursuant to 28 U.S.C. § 636. Mr. Pinson objects to the June 14, 2010 order of Magistrate Judge Boyd N. Boland. Specifically, Mr. Pinson challenges Magistrate Judge Boland's directives to disclose information about the fifty-eight civil actions that Mr. Pinson has filed previously in federal courts and to submit a properly certified copy of his trust fund account statement.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may reconsider a magistrate judge's order that is clearly erroneous or contrary to law. For the reasons stated below, the Objection will be overruled.

It is appropriate for the Court to require that Mr. Pinson disclose whether he has filed other lawsuits in federal or state court while incarcerated. A prisoner is not allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915, as Mr. Pinson wishes to do, if, while he has been incarcerated, he has brought three or more actions that have been dismissed as frivolous or malicious or for failure to state a claim. 28 U.S.C. § 1915(g). Although the Court has identified fifty-eight civil actions filed by Mr. Pinson, it is not the Court's responsibility to determine why the civil actions were dismissed. Mr. Pinson is responsible for providing this information to the Court. *See Daily v. Municipality of Adams County*, 117 F. App'x 669, 672 (10th Cir. Dec. 6, 2004) (not selected for publication).

Furthermore, pursuant to 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed in a civil action without prepayment of fees or security must submit a certified copy of a trust fund account statement for the six-months immediately preceding the filing of the complaint. Mr. Pinson does not assert in the Objection that the account statement he submitted was properly certified by a prison official. He also fails to provide documentation that he submitted a request for a properly certified account statement but was denied the request. Therefore, Mr. Pinson's Objection is without merit and will be overruled. Accordingly, it is

ORDERED that Mr. Pinson's 28 U.S.C. § 636 Objection (Doc. No. 4), filed on June 21, 2010, is overruled. It is

FURTHER ORDERED that Mr. Pinson shall have thirty days from the date of this Order to comply with the Order to Cure Deficiencies entered on June 14, 2010. It is

FURTHER ORDERED that if Mr. Pinson fails to comply with this Order within the

time allowed the action with be dismissed without further notice.

DATED at Denver, Colorado, this 29th day of June, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01377-BNB

Jeremy Pinson
Reg. No. 16267-064
FCI -Talladega
P.O. Box 1000
Talladega, AL 35160

    I hereby certify that I have mailed a copy of this **ORDER** to the above-named individuals on 6/30/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk