IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-01377-REB-MJW

JEREMY PINSON,

Plaintiff,

v.

ROBERT PACHECO,
SARA REVELL,
MERRY WILNER,
DELBERT SAVERS,
HARLEY LAPPIN, and
MICHAEL NALLEY,

Defendants.

---

**MINUTE ORDER**

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the plaintiff's Motion for Order and/or Appointment of Counsel **(Docket No. 61)** is **denied**.  Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1), but the court has broad discretion to direct the Clerk of Court to attempt to obtain volunteer counsel for a party in a civil case.  See Murphy v. Colorado Dept. of Corrections, 2009 WL 2959205 (D. Colo. Sept. 10, 2009) (citing DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993)).  When making such a decision, the court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991).  Having considered the current record in this case, the court finds that, even assuming the plaintiff has a colorable claim, he currently appears to be able to present his case adequately.  Furthermore, with respect to plaintiff's request for alternative relief, plaintiff has made no showing of any actual injury as a result of his purported limited access to his legal materials and the electronic law library.

It is further **ORDERED** that the plaintiff's Motion for a Special Report **(Docket No. 68)** is **denied**.  Plaintiff seeks an order directing the defendants to conduct an investigation and provide the court with a so-called "Martinez report."  See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).  Such a report, however, is generally used to determine "preliminary issues including those of jurisdiction," id. at 319, whereas here plaintiff seems to be seeking broad discovery that is outside the scope of such report.

2

See White v. Werholtz, 2009 WL 773289 (D. Kan. Mar. 23, 2009); Rider v. Werholtz, 548 F. Supp.2d 1188, 1202 (D. Kan 2008).

It is further **ORDERED** that Defendant Revell's First Motion for Extension of Time to Answer or Respond (Docket No. 70) is granted, and thus defendant Revell shall have up to and including December 15, 2010, to answer or otherwise respond to the Prisoner Complaint.

Date:   November 17, 2010