IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-01377-REB-MJW

JEREMY PINSON,

Plaintiff,

v.

ROBERT PACHECO,
SARA REVELL,
MERRY WILNER,
DELBERT SAVERS,
HARLEY LAPPIN, and
MICHAEL NALLEY,

Defendants.

---

**RECOMMENDATION ON
PLAINTIFF'S THIRD MOTION FOR A PRELIMINARY INJUNCTION/DECLARATORY
ORDER (Docket No. 72)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was referred to this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Robert E. Blackburn on August 6, 2010. (Docket No. 20).

The pro se plaintiff, Jeremy Pinson, who is incarcerated at the Federal Correctional Institution in Talladega, Alabama, asserts the following in his Prisoner Complaint (Docket No. 3) which is brought pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Plaintiff is a federal prisoner who was formerly housed at USP Florence in Colorado.  In Claim One, plaintiff alleges a violation of the Eighth Amendment.  On October 14, 2007, which

was eleven days after plaintiff was moved to USP Florence, plaintiff was assigned to the Special Housing Unit ("SHU") where he initiated administrative remedies seeking protection due to previous assistance to law enforcement and sexual orientation. Defendants Wilner and Revell processed the administrative remedy request, which Revell denied. Another SHU inmate, Brian Humphreys, had a history of assaults and had threatened to assault any inmate assigned to his cell. Revell was aware of Humphrey's threats, but on December 11, 2007, Revell authorized plaintiff's assignment to Humphrey's cell. On December 12, 2007, Humphreys attacked plaintiff until plaintiff lost consciousness and sustained serious bodily injury.

In Claim Two, plaintiff also alleges a violation of the Eighth Amendment. Plaintiff advised defendants Pacheco, Wilner, and Revell that his life was in danger due to previous assistance to law enforcement and sexual orientation. These defendants knew plaintiff would be in danger if transferred to another institution due to his assistance to law enforcement yet submitted a transfer request to defendant Sauers. Prior to his transfer, plaintiff submitted letters and administrative remedy appeals to defendants Lappin, Nalley, and Sauers seeking protection and specifically requesting a transfer to a lower security institution. Revell, Wilner, Pacheco, Lappin, and Nalley took no steps to protect the plaintiff, and on February 14, 2008, Revell and Sauers transferred plaintiff to USP Victorville, California. Prior to such transfer, all defendants knew USP Victorville housed violent prison gangs and was where dozens of assaults and a murder had occurred. Plaintiff was stabbed on April 9, 2008, by five inmates at USP Victorville as a result of being transferred there from USP Florence.

Plaintiff seeks compensatory and punitive damages as well as "[i]njunctive relief

3

enjoining defendants Lappin and Sauers from housing plaintiff near inmates or gangs which plaintiff has previously identified as a danger to his safety." (Docket No. 3 at 8).

Very shortly after the plaintiff filed his Prisoner Complaint, he filed an Emergency Motion for a Preliminary Injunction (Docket No. 5) seeking "a preliminary injunction enjoining defendants Lappin and Sauers, their agents, employees, successors or those acting in concert with them from housing Plaintiff in the same institution with inmates or prison gangs who pose a known, specific risk of harm toward Plaintiff and ordering defendants to consider housing Plaintiff in a low security or a medium security institution to determine if such would facilitate Plaintiff's safety needs." (Docket No. 5 at 1-2). On August 3, 2010, Judge Philip A. Brimmer denied plaintiff's motion. Pinson v. Pacheco, 2010 WL 3036682 (D. Colo. Aug. 3, 2010) (Docket No. 17). In doing so, after reciting what a party seeking a preliminary injunction must show, Judge Brimmer found:

> Mr. Pinson fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Although Mr. Pinson asserts in his Complaint that he was attacked on December 12, 2007 while he was housed at the federal prison in Florence, Colorado and again on April 9, 2008 at the federal prison in Victorville, California, he does not assert that he now is in immediate danger of being attacked where he is housed at the federal prison in Talladega, Alabama. Mr. Pinson seeks injunctive relief from being placed in a prison facility where he may be housed with inmates or prison gang members who pose a known, specific risk of harm to him. His claim of future injury is speculative.

(Docket No. 17 at 1-2). Plaintiff has filed a Notice of Appeal of that ruling. (See Docket No. 22).

In the meantime, plaintiff filed a renewed Emergency Motion for Subpoena, Hearing, and Issuance of a Preliminary Injunction (Docket No. 32). On September 16, 2010, the undersigned issued a report and recommendation in which it was

recommended that the motion be denied.  (Docket No. 42).  Earlier this month, Judge Blackburn issued an Order Overruling Objections to and Adopting Recommendation of the United States Magistrate Judge.  (Docket No. 65).  Last week plaintiff moved for reconsideration of that Order.  (Docket No. 67).

Four days later, plaintiff filed a Third Motion for a Preliminary Injunction/Declaratory Order (Docket No. 72), which is now before the court for a report and recommendation.  In that motion, plaintiff seeks "a preliminary injunction (1) enjoining the Bureau of Prisons from transferring Plaintiff to the Administrative Maximum U.S. Penitentiary at Florence, CO, (2) from housing Plaintiff in a unit or institution with prison gangs from whom he should remain separate, and (3) to consider placing Plaintiff in the Witness Security Program."  (Docket No. 72 at 1).

The court has carefully considered the plaintiff's motion, the exhibits attached thereto, plaintiff's declaration, applicable case law and Federal Rules of Civil Procedure, and the court's file.  The court now being fully informed makes the following findings, conclusions, and recommendation that the motion be denied.

Plaintiff is proceeding *pro se.*  The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys . Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007).  See  Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers).  However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove

5

facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues).  "The plaintiff's *pro se* status does not entitle him to application of different rules."  Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

Plaintiff seeks a hearing on his motion to present the testimony of numerous witnesses, namely Case Manger Timothy Simpson, Warden John Rathman, Designator Lisa Austin, Officer L. Williams, Captain William Davis, Regional Director Michael Nalley, and six inmates (who purportedly will testify they have been the victims of assault after requests to separate them from specific gangs or inmates were denied).  "Plaintiff asserts a hearing is necessary because the witnesses are not willing to provide affidavits, but will testify as to the subject matter presented if called upon to do so.  Testimony is necessary to meet the burden of proof, there is no adequate means of meeting such without a hearing."  (Docket No. 72 at 6).  Once again, given the findings below, the court finds that a hearing is not warranted.

In order to obtain a preliminary injunction, plaintiff must demonstrate the following:  (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the plaintiff if the preliminary injunction is denied; (3) the threatened injury to the plaintiff outweighs the injury to the other party under the

6

preliminary injunction; and (4) the injunction is not adverse to the public interest.  <u>Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.</u>, 320 F.3d 1081, 1099 (10th Cir. 2003).  In addition, the right to relief must be "clear and unequivocal" because "a preliminary injunction is an extraordinary remedy."  <u>Id.</u>  Moreover, where the relief requested in a preliminary injunction would (1) disturb the status quo, (2) be mandatory as opposed to prohibitory, or (3) provide the movant with substantially all the relief he may recover after a full trial on the merits, an even heavier burden is placed upon the movant, and the movant must show that the four factors listed above weigh "heavily and compellingly in the movant's favor."  <u>Kikumura v. Hurley</u>, 242 F.3d 950, 955 (10th Cir. 2001).  "[T]he party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."  <u>Heideman v. South Salt Lake City</u>, 348 F.3d 1182, 1189 (10th Cir. 2003). Here, because plaintiff's requested relief would disturb the status quo and be mandatory, plaintiff must demonstrate the four requirements for a preliminary injunction weigh heavily and compellingly in his favor.  This court finds that the plaintiff has again failed to meet his burden of proof in his third motion for preliminary injunctive relief.  Once again, plaintiff's claim of future injury is speculative.

      In this court's last report and recommendation, I noted that while plaintiff claimed he was involved in an altercation with another inmate on June 25, plaintiff did not provide any information about that incident, such as whether plaintiff was attacked and whether the other inmate is or was a member of the gang that purportedly poses a threat to him.  In the declaration attached to the instant motion, provides more information about this incident and establishes that plaintiff was the aggressor.  Plaintiff

advises that on June 25 he and his cell mate were given a "shank" and that he and his cell mate entered the law library where plaintiff stabbed another inmate "fearing I would die if I did not."  Plaintiff has thus been referred to the U.S. Penitentiary ADX at Florence, Colorado, and is awaiting transfer.  (See Docket No. 72 at 14, ¶¶ 46-47; 37 - Memorandum about the June 25 assault by plaintiff).

In addition, once again, documentation submitted with plaintiff's motion shows that plaintiff has a "history of serious/disruptive infractions."  (Docket No. 72 at 32).  As noted in this court's previous report and recommendation, documentation presented by plaintiff shows repeated disciplinary violations by plaintiff, not by other inmates, for threatening bodily harm, possessing a dangerous weapon, assault with serious injury, taking a hostage, setting a fire, and disruptive conduct.  (Docket No. 32 at 21-36).

Once again, this court finds that the plaintiff has not shown in his motion that he will suffer immediate and irreparable harm if the injunction does not issue.  Plaintiff has provided no new, substantial evidence to support his motion for a preliminary injunction. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical."  Heideman, 348 F.3d at 1189 (quoting Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C.Cir. 1985)).  In addition to these considerations, plaintiff has not met his heavy burden to show that the injunction is not adverse to the public interest, that public interest here being deference to prison officials' proper administration of prison facilities.  See Moles v. Lappin, 2010 WL 796756, at *6 (W.D. Okla. Feb. 26, 2010). Plaintiff has not presented any evidence that his placement in ADX Florence would present a danger to his safety and security.  In sum, having weighed the applicable factors in light of plaintiff's heightened burden and the requirement that the right to relief

8

be clear and unequivocal, it is recommended that the plaintiff's third motion for a preliminary injunction be denied.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the plaintiff's Third Motion for a Preliminary Injunction/Declaratory Order (Docket No. 72) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: November 18, 2010  s/ Michael J. Watanabe
      Denver, Colorado    Michael J. Watanabe
                          United States Magistrate Judge