IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-01377-REB-MJW

JEREMY PINSON,

Plaintiff,

v.

ROBERT PACHECO,
SARA REVELL,
MERRY WILNER,
DELBERT SAVERS,
HARLEY LAPPIN, and
MICHAEL NALLEY,

Defendants.

---

**RECOMMENDATION ON
PLAINTIFF'S RENEWED MOTION FOR LEAVE TO AMEND
(Docket No. 150)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was referred to this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Robert E. Blackburn on August 6, 2010. (Docket No. 20).

On March 16, 2011, this court issued a report and recommendation (Docket No. 140) on Defendant Wilner's Motion to Dismiss (Docket No. 77), Defendant Nalley's Motion to Dismiss (Docket No. 96), Defendant Revell's Motion to Dismiss (Docket No. 101), Defendant Lappin's Motion to Dismiss (Docket No. 118), and Defendant's Supplement to Motion to Dismiss (Docket No. 134).  This court recommended that the motions to dismiss be granted and that this action be dismissed as against the moving defendants with prejudice as time barred.  It was further recommended that the

2

Defendants' Supplement to Motion to Dismiss be denied as moot. That report and recommendation (Docket No. 140) is incorporated by reference herein.

Now before the court is the pro se incarcerated plaintiff's Renewed[1] Motion for Leave to Amend (Docket No. 150) in which plaintiff seeks to amend his Complaint. Plaintiff does not detail in his motion what amendments he made to his pleading. Defendants filed a response (Docket No. 154). The court now being fully informed makes the following findings, conclusions of law, and recommendation that the motion be denied.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)), cert. denied, 130 S. Ct. 1506 (2010). Here, this court agrees with the defendants that the motion to amend should be denied on the ground of futility.

As the defendants correctly note, the proposed pleading does not state additional claims or additional facts relevant to plaintiff's existing claims. Significantly, this court previously recommended that the Complaint be dismissed as time barred, and nothing in the tendered amended pleading adds any new, discrete acts by the defendants which occurred within two years of filing his original pleading. The court notes that the plaintiff

---

[1] Plaintiff's previous Motion for Leave to File Amended Complaint (Docket No. 141) was denied without prejudice by this court on March 17, 2011 (Docket No. 143), based upon the plaintiff's failure to submit a proposed amended complaint with his motion.

3

avers in his proposed amended pleading that in October 2008 he was debriefed by the U.S. Attorney and Department of Justice agencies about his former gang, and in December 2008 the U.S. Attorney's Office sent a letter to defendant Sauers requesting that plaintiff be separated from the gangs in a lower security facility, but Sauers did not separate plaintiff from the gangs. (Docket No. 150 at 11-12, ¶¶ 23-25). In addition, plaintiff avers that in December 2008 a U.S. District Judge recommended to Sauers that plaintiff not be housed in segregation and that plaintiff be housed in a state prison, but Sauers did not act on the Judge's recommendation. (Docket No. 150 at 12, ¶¶ 26-27). While plaintiff claims that his maximum custody classification and the refusal to order his separation from gangs has resulted in frequent violent altercations (Docket No. 150 at 12, ¶ 28), plaintiff has offered no new, specific allegations concerning any such altercations which would not make this action time-barred. In sum, even if this court were to accept the tendered pleading for filing, the court would still recommend dismissal based upon the statute of limitations.

Defendants further correctly note that the proposed amended complaint removed defendants Lappin, Nalley, and Wilner as parties. Defendants to not oppose the voluntary dismissal of these three defendants.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the plaintiff's Renewed Motion for Leave to Amend **(Docket No. 150)** be **denied**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections**

4

**within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: April 11, 2011  
       Denver, Colorado

s/ Michael J. Watanabe  
Michael J. Watanabe  
United States Magistrate Judge