**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-01377-REB-MJW

JEREMY PINSON,

    Plaintiff,

v.

ROBERT PACHECO,
SARA REVELL,
MERRY WILNER,
DELBERT SAVERS,
HARLEY LAPPIN, and
MICHAEL NALLEY,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation on Plaintiff's Renewed Motion for Leave To Amend (Docket No. 150)** [#156][1] filed April 11, 2011; and (2) plaintiff's **Objections to Report and Recommendation (Doc. 156)** [#159] filed April 21, 2011. I overrule the objections, adopt the recommendation, and deny plaintiff's **Renewed Motion for Leave To Amend** [#150] filed March 24, 2011.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw. Moreover, because plaintiff is

---

[1] "[#156]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The recommendation is detailed and well-reasoned. Contrastingly, plaintiff's objections are imponderous and without merit.[2] Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and

---

[2] Although plaintiff attempts to salvage his amendment by reference to the continuing violation doctrine, it is not clear that the doctrine even applies in these circumstances. The continuing violation doctrine, which has its roots in employment discrimination law,

> permits a Title VII plaintiff to challenge incidents that occurred outside the statutory time limitations of Title VII if such incidents are sufficiently related and thereby constitute a continuing pattern of discrimination. The doctrine is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated.

**Houck v. City of Prairie Village, Kansas**, 1998 WL 792154 at *2 (10th Cir. Nov. 13, 1998) (citations and internal quotation marks omitted). The Tenth Circuit has not yet definitively determined whether the continuing violation doctrine applies to section 1983 and/or **Bivens** claims. **See Wood v. Milyard**, 2011 WL 103029 at *3 (10th Cir. Jan. 13, 2011) (slip op.); **Houck v. City of Prairie Village, Kansas**, 1998 WL 792154 at *1 (10th Cir. Nov. 13, 1998). While some federal courts have applied the doctrine in the context of section 1983 and **Bivens** claims, *see, e.g.*, **RK Ventures, Inc. v. City of Seattle**, 307 F.3d 1045, 1062 (9th Cir.2002); **Cancel v. Mazzuca**, 2003 WL 1702011 at *4 (S.D.N.Y. March 28, 2003), others have been reluctant to do so, *see* **Sharpe v. Cureton**, 319 F.3d 259, 267-68 (6th Cir.), **cert. denied**, 124 S.Ct. 228 (2003).

Nevertheless, as the magistrate judge correctly noted, plaintiff's proposed amended complaint alleges no actual acts of discrimination within the limitations period, as required to invoke the continuing violation doctrine, nor does it suggest more than a series of discrete, unrelated acts. **See Martinez v. Wyoming, Department of Family Services**, 218 F.3d 1133, 1137-38 (10th Cir. 2000) (noting that for continuing violation doctrine to apply, "two criteria must be met – there must be at least one occasion of discrimination occurring within the filing period, and earlier acts must not be 'discrete unrelated acts' but must be part of a 'continuing policy or practice' which includes an act within the statutory period"). Even those courts that recognize the doctrine in the context of cases such as this one have applied these limitations on the doctrine. **See Sharpe**, 319 F.3d at 267-68 (citing **National Railroad Passenger Corp. v. Morgan**, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)).

recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation on Plaintiff's Renewed Motion for Leave To Amend (Docket No. 150)** [#156] filed April 11, 2011, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in plaintiff's **Objections to Report and Recommendation (Doc. 156)** [#159] filed April 21, 2011, are **OVERRULED**; and

3. That plaintiff's **Renewed Motion for Leave To Amend** [#150] filed March 24, 2011, is **DENIED**.

Dated May 9, 2011, at Denver, Colorado.

                                               **BY THE COURT:**

Robert E. Blackburn
United States District Judge