# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 10-cv-01377-REB-MJW

JEREMY PINSON,

    Plaintiff,

v.

ROBERT PACHECO, and
DELBERT SAVERS,

    Defendants.

## ORDER DISCHARGING ORDER TO SHOW CAUSE

**Blackburn, J.**

    This matter is before me on plaintiff's **Response to Order To Show Cause** [#171][1] entered June 3, 2011. By order entered May 9, 2011, I granted four separate defendants' motions to dismiss as recommended by the magistrate judge's **Recommendation on Defendant Wilner's Motion To Dismiss (Docket No. 77), Defendant Nalley's Motion To Dismiss (Docket No. 96), Defendant Revell's Motion To Dismiss (Docket No. 101), Defendant Lappin's Motion To Dismiss (Docket No. 118), and Defendant's [sic] Supplement to Motion To Dismiss (Docket No. 134)** [#140] filed March 16, 2011. (*See* **Order Overruling Objections to and Adopting Recommendation of the United States Magistrate Judge** [#161], filed May 9, 2011.) Because it appeared that plaintiff's claims against the two remaining defendants were

---

[1] "[#171]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

subject to dismissal on the same grounds as those advanced in the motions to dismiss that were granted, I ordered plaintiff to show cause why those claims should not be dismissed as well. (**Order To Show Cause** [#162], filed May 9, 2011.) Plaintiff's response discharges his obligations under my order.

Nevertheless, substantively, the response merely reiterates arguments plaintiff made in response to the motions to dismiss. More particularly, it fails to contradict this court's conclusion, as detailed in the recommendation of the magistrate judge, that plaintiff did not diligently pursue his claims and, thus, was not entitled to equitable tolling of the otherwise applicable statute of limitations. Accordingly, his claims against the remaining two defendants, neither of whom has yet been served, are likewise time-barred and should be dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Order To Show Cause** [#162] filed May 9, 2011, is **DISCHARGED**;

2. That plaintiff's claims against defendants, Robert Pacheco and Delbert Sauers (misidentified in the caption as "Delbert Savers"), are **DISMISSED WITH PREJUDICE** as barred by limitations;

3. That judgment **SHALL ENTER** on behalf of defendants, Robert Pacheco and Delbert Sauers (misidentified in the caption as "Delbert Savers"), against plaintiff, Jeremy Pinson, as to all claims for relief and causes of action alleged against them; provided, that the judgment as to these claims **SHALL BE** with prejudice;

4. That judgment **SHALL ENTER** also on behalf of formerly named defendants, Sara Revell, Merry Wilner, Harley Lappin, and Michael Nalley, against plaintiff, Jeremy

2

Pinson, as to all claims for relief and causes of action alleged against them in accordance with my **Order Overruling Objections to and Adopting Recommendation of the United States Magistrate Judge** [#161] filed May 9, 2011; provided, that the judgment as to these claims **SHALL BE** with prejudice; and

    5. That defendants are **AWARDED** their costs to be taxed by the Clerk of Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

    Dated September 13, 2011, at Denver, Colorado.

                                      **BY THE COURT:**

                                      Robert E. Blackburn
                                      United States District Judge